IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| | : | 05-2069 |
| v. | : | |
| | : | CRIMINAL ACTION |
| CLIFTON WHITE | : | NO. 01-434-1 |

### REPORT AND RECOMMENDATION

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**          August   15  , 2005

      This is a pro se motion to vacate, set aside, or correct a federal sentence, filed pursuant to 28 U.S.C. § 2255, by an individual currently incarcerated at the Federal Correctional Institution at Fairton, New Jersey.  For the reasons that follow, I recommend that the motion be dismissed as untimely.

**FACTS AND PROCEDURAL HISTORY:**

      On August 6, 2002, after a jury trial before the Honorable Berle M. Schiller, White was convicted of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  On February 13, 2003, Judge Schiller sentenced White to 15 years' incarceration to be followed by 5 years' supervised release.  White filed a timely appeal, claiming the trial court erred in denying his motion to suppress evidence obtained after a warrantless search, and in preventing him from presenting a defense of justification.  On September 16, 2003, the Third Circuit affirmed the judgment.  White then sought review in the United States Supreme Court, which was denied on February 23, 2004.

      On April 29, 2005, White filed this Motion to Vacate, Set Aside, or Correct his federal sentence, claiming:

1. Ineffective assistance of counsel because the conviction was obtained by use of evidence obtained pursuant to an unconstitutional search and seizure;
2. The trial court erred in precluding testimony in support of a justification defense;[1]
3. Ineffective assistance of counsel for failing to argue White's diminished capacity at sentencing;
4. The sentence imposed was excessive and counsel was ineffective for failing to present argument on the use of prior convictions to enhance his sentence.

In response, the Government argues that White's motion is time-barred.

Pursuant to 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), motions to vacate federal sentences are subject to a one year limitations period. The limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255

Because none of the other starting dates are applicable, the one-year limitations period began to run when White's judgment became final, on February 23, 2004, when the Supreme Court denied certiorari.[2] Therefore, the limitations period expired on February 23, 2005, 65 days

---

[1] White is precluded from further review of his first two claims, in any event. These are the same claims he presented to the Third Circuit and Supreme Court in his direct appeal. A § 2255 motion may not be used to relitigate issues decided on direct appeal. United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993).

[2] It is possible that White could argue that his excessive sentence claim implicates the Supreme Court's decision in United States v. Booker, __ U.S. __, 125 S.Ct. 738 (Jan. 12, 2005). In which case, White might argue that the limitations period did not begin until January of this

prior to White's filing.  We note White's assertion that his counsel failed to advise him when his appeal was final does not qualify to alter the start of the limitations period.  The statute requires a governmental impediment preventing the movant from filing, not just the inaction or mistake of counsel.

The limitations period is subject to equitable tolling in very narrow circumstances: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum; or (4) if the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  However, equitable tolling is to be invoked "only sparingly," see United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998), and only when the petitioner establishes that he exercised "reasonable diligence" in investigating and bringing the claims. Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618-619 (3d Cir. 1998)(citing New Castle County v. Haliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997)).

In reply to the Government's response, White presents two arguments in support of equitable tolling.  He complains that his counsel never informed him of the date on which his

---

year.  Unfortunately, however, the enhancement of which White complains deals with prior convictions.  Booker, and Apprendi v. New Jersey, 530 U.S. 466 (2000), upon which Booker is based, require that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Because Booker does not apply to enhancements based on prior convictions, it is irrelevant to White's claim.  Moreover, the Third Circuit has held that Booker does not apply retroactively to cases on collateral review.  Lloyd v. United States, 407 F.3d 608 (2005).

conviction became final and argues that his inability to read hampered his ability to complete his § 2255 motion. Neither of these is sufficient to toll the limitations period.

In his filing, White states that since his counsel never informed him of the denial of his appeal, he did not know, and still does not know, the deadline for filing his § 2255 motion. In support of this assertion, White attaches a copy of a letter, dated March 10, 2005, from his counsel. In the letter, counsel advises White to complete the enclosed habeas forms "immediately as the one year deadline is fast approaching." (Attached to Movant's Reply). Rather than supporting his claim for equitable tolling, we believe the letter actually weighs heavily against tolling. It is apparent from counsel's language the he had previously sent the forms for White to complete. "Enclosed you will find another copy of the forms I sent you pertaining to your habeas corpus petition." Thus, counsel had made at least one prior attempt to contact White about the filing of his motion. Moreover, the Third Circuit has held that counsel's failure to notify the petitioner of the denial of his appeal did not constitute extraordinary circumstances sufficient to warrant equitable tolling. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005).

In addition counsel's miscalculation of the limitations period does not serve to equitably toll the statute. (The statute ran on February 23, 2005, prior to the letter counsel sent to White.) The Third Circuit has held that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Merritt v. Blaine, 326 F.3d 157, 169 (3d Cir.2003) (quoting Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001)). Therefore, White's complaints regarding his counsel do not provide a basis for equitable tolling.

Similarly, White's illiteracy does not support a claim for equitable tolling. First, we note that White was able to file his Motion without the assistance of counsel. Moreover, White was able to file an articulate reply to the Government's response nine days later. These filings establish White's ability to present his legal arguments in an organized, logical fashion.

Moreover, illiteracy, by itself, does not warrant equitable tolling. <u>See</u> <u>Turner v. Johnson</u>, 177 F.3d 390, 391 (5th Cir. 1999)(unfamiliarity with legal system due to illiteracy not grounds for equitable tolling); <u>Cobas v. Burgess</u>, 306 F.3d 441, 444 (6th Cir. 2002)("inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims"); <u>Bermudez v. Lewis</u>, 58 Fed.Appx. 268 (9th Cir. 2003)(petitioner who was illiterate, indigent, ignorant of the law, and deprived of Spanish legal materials not entitled to equitable tolling). <u>See also</u> <u>Wilson v. Stickman</u>, 2005 WL 1712385 *3 (E.D. Pa. Jul. 21, 2005)(Dubois, J.)(neither illiteracy nor a learning disability qualify as extraordinary circumstances unless the condition rendered petitioner incapable of pursuing his remedies). Thus, White has failed to establish any "exceptional circumstances" qualifying his motion for equitable tolling.

Therefore, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this 15th day of August, 2005, IT IS RESPECTFULLY RECOMMENDED that the Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 be DISMISSED AS UNTIMELY. There is no basis for the issuance of a certificate of appealability.

 

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 01-434 |
| v. | : | |
| | : | CIVIL ACTION |
| CLIFTON WHITE | : | NO. 05-2069 |

**O R D E R**

BERLE M. SCHILLER, J.,

AND NOW, this           day of                    , 2005, upon careful and independent consideration of Defendant's Motion to Vacate, Set Aside, or Correct Sentence, the response, and the Defendant's Reply, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The Motion to Vacate, Set Aside, or Correct Sentence is DISMISSED AS UNTIMELY.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
BERLE M. SCHILLER, J.